ROS.25698

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **TERESA LAMBERT,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ROSS DRESS FOR LESS, INC. D/B/A** | § | |
| **ROSS DRESS FOR LESS #491 AND** | § | |
| **ROSS STORES, INC.,** | § | |
| **Defendants.** | § | |

## DEFENDANTS' INDEX OF DOCUMENTS

The following Exhibits are relied upon and incorporated by reference in Defendants'

Notice of Removal:

1.    State Court Docket Sheet;

2.    Plaintiff's Original Petition, filed February 1, 2021;

3.    Citation on Ross Dress for Less, Inc., issued February 1, 2021, and returned February 3, 2021;

4.    Citation on Ross Stores, Inc., issued February 1, 2021, and returned February 3, 2021; and

5.    Defendants' Original Answer, filed March 1, 2021.

Respectfully submitted,

**FLETCHER, FARLEY**
**SHIPMAN & SALINAS, LLP**

*/s/ Fernando P. Arias*
**FERNANDO P. ARIAS**
**ATTORNEY IN CHARGE**
State Bar No. 24025946
9201 N. Central Expressway, Suite 600
Dallas, Texas  75231
214-987-9600
214-987-9866  fax
fred.arias@fletcherfarley.com
**ATTORNEY FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing instrument was electronically filed via the Court's CM/ECF system and a true and correct copy of same was delivered to all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 5th day of March, 2021.

*/s/ Fernando P. Arias*
**FERNANDO P. ARIAS**

# EXHIBIT
# "1"

# REGISTER OF ACTIONS
## CASE NO. 380-00553-2021

| | | | |
|---|---|---|---|
| Teresa Lambert vs. Ross Dress for Less, Inc. d/b/a Ross Dress for Less #491 and Ross Stores, Inc. | § § § § § | Case Type: | **Other Injury or Damage** |
| | | Date Filed: | **02/01/2021** |
| | | Location: | **380th District Court** |

---

### PARTY INFORMATION

| | | | Lead Attorneys |
|---|---|---|---|
| **Defendant** | **Ross Dress for Less, Inc.** *Doing Business As* Ross Dress for Less #491 Registered Agent CT Corporation System 1999 Bryan St Suite 900 Dallas, TX 75201-3136 | | **Fernando P Arias** *Retained* 214-987-9600(W) |
| **Defendant** | **Ross Stores, Inc.** Registered Agent CT Corporation System 1999 Bryan St Suite 900 Dallas, TX 75201-3136 | | **Fernando P Arias** *Retained* 214-987-9600(W) |
| **Plaintiff** | **Lambert, Teresa** | | **Kristina N Kastl** *Retained* 214-821-0230(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 02/01/2021 | **Plaintiff's Original Petition (OCA) $313.00** *Plaintiff's Original Petition and Jury Demand* | | |
| 02/02/2021 | **Request for Citation $8.00** | | |
| 02/02/2021 | **Jury Fee Paid $40.00** | | |
| 02/02/2021 | Citation | | |
| | Ross Dress for Less, Inc. | Served | 02/03/2021 |
| | | Returned | 02/04/2021 |
| | Ross Stores, Inc. | Served | 02/03/2021 |
| | | Returned | 02/04/2021 |
| 02/04/2021 | **Service Return** *Affidavit of Service - Citation - Ross Stores, Inc.* | | |
| 02/04/2021 | **Service Return** *Affidavit of Service - Citation - Ross Dress for Less, Inc.* | | |
| 03/01/2021 | **Original Answer** *Defendants' Original Answer to Plaintiff's Original Petition* | | |
| 03/01/2021 | **Jury Fee Paid $40.00** | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Ross Dress for Less, Inc. | | | |
| | Total Financial Assessment | | | 40.00 |
| | Total Payments and Credits | | | 40.00 |
| | **Balance Due as of 03/03/2021** | | | **0.00** |
| 03/01/2021 | Transaction Assessment | | | 40.00 |
| 03/01/2021 | Payment | Receipt # DC-03944-2021 | Ross Dress for Less, Inc. | (40.00) |

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Lambert, Teresa | | | |
| | Total Financial Assessment | | | 369.00 |
| | Total Payments and Credits | | | 369.00 |
| | **Balance Due as of 03/03/2021** | | | **0.00** |
| 02/02/2021 | Transaction Assessment | | | 369.00 |
| 02/02/2021 | Payment | Receipt # DC-02271-2021 | Lambert, Teresa | (369.00) |

# EXHIBIT
# "2"

Filed: 2/1/2021 1:49 PM
Lynne Finley
District Clerk
Collin County, Texas
By Rosanne Munoz Deputy
Envelope ID: 50249227

CAUSE NO. 380-00553-2021 _____

| | | |
|---|---|---|
| **TERESA LAMBERT,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| **ROSS DRESS FOR LESS, INC. D/B/A** | § | |
| **ROSS DRESS FOR LESS #491, AND** | § | |
| **ROSS STORES, INC.** | § | |
| **Defendants.** | § | **COLLIN COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES TERESA LAMBERT**, hereafter "Plaintiff", complaining of and about **ROSS DRESS FOR LESS, INC. D/B/A ROSS DRESS FOR LESS #491, AND ROSS STORES, INC.,** hereafter collectively "Defendants," and files this Plaintiff's Original Petition and Jury Demand, and in support thereof, would respectfully show unto the Court as follows:

## DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff brings this action under Texas Rule of Civil Procedure 47(c)(5) and seeks monetary relief over $250,000.00 but not more than $1,000,000.00.  Plaintiff intends that discovery be conducted under Discovery Level 3.

## PARTIES AND SERVICE

2.      Plaintiff, **TERESA LAMBERT**, is an individual residing in Collin County, Texas and pursuant to TEX. CIV. PRAC. & REM. CODE § 30.014, Plaintiff states that the last three numbers of her Texas driver's license are 110 and the last three numbers of her social security are 823.

3.      Defendant **ROSS DRESS FOR LESS, INC. D/B/A ROSS DRESS FOR LESS #491**, is a foreign for-profit corporation doing business in the State of Texas, and may be served with process by serving its registered agent:  **C T Corporation System, 1999 Bryan Street, Suite 900,**

Dallas, Texas 75201-3136, or wherever the agent may be found.  **Issuance of a citation is requested at this time to include language that "Defendant may be required to make initial disclosures."**

4.      Defendant **ROSS STORES, INC.,** is a foreign for-profit corporation doing business in the State of Texas, and may be served with process by serving its registered agent:  **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever the agent may be found.  Issuance of a citation is requested at this time to include language that "Defendant may be required to make initial disclosures."**

### JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this Court.

6.      This Court has jurisdiction over the parties, because said Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.      Further, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages, harms and losses sought are in an amount within the jurisdictional limits of this Court.  Plaintiff is required by Rule 47(c), Texas Rules of Civil Procedure to state the amount of damages, in dollar amount, that represent Plaintiff's harms and losses due to the negligence of the Defendants.  The legislative history of this requirement indicates that it is for record keeping and statistical purposes only for lawsuits filed in the State of Texas.  Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which harms, losses and damages to Plaintiff is over $250,000.00 but not more than $1,000,000. The amount of monetary

relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate as well as exemplary damages.

8.     Venue in Collin County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## MISNOMER/ALTER EGO

9.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## FACTS

10.     On or about February 1, 2019, Plaintiff **TERESA LAMBERT** was an invitee at **ROSS DRESS FOR LESS #491** located at 3333 Preston Road #00900, Frisco, Collin County, Texas 75034 (hereafter "Premises").

11.     Plaintiff was shopping at the Premises when she turned her shopping cart right, into one of the aisles, when the clothes and edge of hangers started going into the holes of the sides of the shopping cart and as she started to back up out of the aisle the clothes rack on the right came down on her striking her right shoulder and right arm.  At the time of the occurrence which makes the basis of this lawsuit, the Defendants **ROSS DRESS FOR LESS, INC. D/B/A ROSS DRESS FOR LESS #491 AND/OR ROSS STORES, INC.,** by and through their agents, employees, and representatives, exclusively managed, controlled, owned, and/or possessed the premises in question.  Defendants' failure to warn and/or to timely remedy the hazardous condition of the narrow aisle way was the

proximate cause of the Plaintiff's injuries and damages.

## CAUSES OF ACTION

12.      Defendants, **ROSS DRESS FOR LESS, INC. D/B/A ROSS DRESS FOR LESS #491 AND/OR ROSS STORES, INC.,** as owners, operators and managers of the premises in question, and by and through their employees and/or actual, apparent, ostensible or estoppel agents and/or representatives, at all times material hereto, owed a duty to act as a reasonable and prudent property owner, operator and/or management company would have done under the same or similar circumstances.   Defendants were negligent and such negligence is the proximate cause of Plaintiff's injuries and damages.

13.      Defendants breached their duties by, among other acts and/or omissions, as follows:

    a.      Creating a condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

    b.      Permitting an unreasonably dangerous condition which Defendants knew, or in the exercise of ordinary care should have known about, to exist on the premises in areas which Defendants knew that persons such as Plaintiff are likely to suddenly and unexpectedly encounter without warning and that constitute a hazard and risk of personal injury;

    c.      In choosing not to conduct reasonable inspections of the Defendants' premises in order to discover the condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

    d.      In choosing not to warn Plaintiff of the condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

    e.      In choosing not to make safe a condition on the premises which Defendants knew, or in the exercise of ordinary care should have known, posed an unreasonable risk of harm to individuals such as Plaintiff; and,

    f.      In choosing not to timely and properly remedy the condition so as to prevent harm or injury to others such as Plaintiff.

14.      At the time of the occurrence which makes the basis of this lawsuit, Defendants were the owners, operators, and/or the managers of the Premises located at 3333 Preston Road

#00900, Frisco, Collin County, Texas 75034.

15.     Plaintiff was at and/or on Defendants' premises with Defendants' knowledge and for their mutual benefit.

16.     A condition on Defendants' premises posed an unreasonable risk of harm. Specifically, the narrow aisle way on the Defendants' premises created a dangerous and hazardous condition proximately causing the occurrence in question.

17.     Defendants knew or reasonably should have known of the dangerous condition existing on the premises in question.

18.     Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff.  This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by choosing not to remedy the unsafe condition of the narrow aisle way on Defendants' premise.

19.     Defendants were also negligent in the hiring, supervision, training, and retaining its employees who cause and/or fail to remedy the unreasonably dangerous condition.

20.     Plaintiff will show that Defendants failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendants described above by which Defendants breached such duties constitutes a proximate cause of Plaintiff's damages described more fully below, for which Defendants are liable to Plaintiff.

21.     Each of such acts and/or omissions, singularly or in combination with others, are a proximate cause of the occurrence and damages sustained by Plaintiff, for which Plaintiff prays judgment of this Court in an amount within the jurisdictional limits of this Court.

## **RESPONDEAT SUPERIOR**

22.     The employees, and/or actual, apparent, ostensible or estoppel agents and/or

representatives of Defendants **ROSS DRESS FOR LESS, INC. D/B/A ROSS DRESS FOR LESS #491 AND/OR ROSS STORES, INC.,** were acting in the course and scope of their respective employment and were within Defendants' general authority, in furtherance of Defendants' business, and for the accomplishment of the object for which Defendants' employees were hired. Defendants are therefore liable under the theory of *Respondeat Superior*.  Therefore, Defendants are liable to Plaintiff for the damages proximately caused by the acts and omissions of their employees, and/or actual, apparent, ostensible or estoppel agents and/or representatives.

## DAMAGES

23.     As a direct and proximate result of the Defendants' negligence, Plaintiff was caused to suffer bodily injury and damages, and to incur the following damages:

    a.  Medical care expenses sustained in the past;

    b.  Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

    c.  Physical pain and mental anguish sustained in the past;

    d.  Physical pain and mental anguish which, in reasonable probability, will be suffered  in the future;

    e.  Physical impairment in the past;

    f.  Physical impairment which, in reasonable probability, will be suffered in the future;

    g.  Loss of earnings in the past;

    h.  Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.

24.     For the above reasons, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## REQUIRED DISCLOSURES

25.     Pursuant to Texas Rules of Civil Procedure 190 and 194, Defendants may be required to make initial disclosures, due within 30 days after the first answer is filed, unless otherwise agreed or changed by court order.

## INTENT TO USE DEFENDANTS' DOCUMENTS

26.     In accordance with Texas Rules of Civil Procedure 193.7, any documents produced by Defendants in response to written discovery will be used by Plaintiff at any pre-trial proceeding or trial.

## INTENT TO USE U.S. LIFE TABLES

27.     Plaintiff hereby notifies the Defendants of her intent to use U.S. Life Tables as published by the U.S. Government in trial of this matter.

## JURY DEMAND

28.     Plaintiff requests a trial by jury on all issues herein and tenders the appropriate fee at the time of filing of this original petition.

29.     Plaintiff has met all conditions precent to the filing of this lawsuit.

## DESIGNATED E-SERVICE EMAIL ADDRESS

30.     The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a):     **eservice@kastllaw.com**. This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that

Defendants be cited to appear and answer herein, and that upon a final hearing and trial of this cause, Plaintiff have judgment against Defendants, jointly and severally, for damages for monetary relief over $250,000.00 but not more than $1,000,000.00 which is within the jurisdictional limits of the Court; together with pre-judgment interest from the date of injury through the date of judgment at the maximum rate allowed by law; post-judgment interest at the highest legal rate until the time the judgment is paid; costs of court; and such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

KASTL LAW, P.C.

*/s/ Kristina N. Kastl*

**Kristina N. Kastl**
State Bar No. 24025467
Email: kkastl@kastllaw.com
**Sorana G. Ban**
State Bar No. 24061520
Email: sban@kastllaw.com
**Blake Hollingsworth**
State Bar No. 24113368
Email: bhollingsworth@kastllaw.com
**Elizabeth A. Brammer**
State Bar No. 24118337
Email: ebrammer@kastllaw.com

**DALLAS OFFICE**
**4144 North Central Expressway, Suite 1000**
**Dallas, Texas 75204**
**Phone: (214) 821-0230**
**Fax: (214) 821-0231**

**ATTORNEYS FOR PLAINTIFF**

**\*Please note and document Kastl Law, P.C.'s new e-serve address. All future e-serve notifications must be served at: eservice@kastllaw.com.**

**Service is only effectuated if it is served through our eservice@kastllaw.com email. Any other Kastl Law, P.C. email is considered ineffective service.**

# EXHIBIT

# "3"

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.380-00553-2021

Filed: 2/4/2021 4:24 PM
Lynne Finley
District Clerk
Collin County, Texas
By Dixie Harden Deputy
Envelope ID: 50374338

Teresa Lambert vs. Ross Dress for Less, Inc. d/b/a Ross
Dress for Less #491 and Ross Stores, Inc.

In the 380th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  Ross Dress for Less, Inc. d/b/a Ross Dress for Less #491
Registered Agent CT Corporation System
1999 Bryan St
Suite 900
Dallas TX  75201-3136, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition and Jury Demand** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 380th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Kristina N Kastl  Kastl Law PC  4144 North Central Expressway Suite 1000  Dallas TX 75204 (Attorney for Plaintiff or Plaintiffs), on  February 01, 2021, in this case, numbered 380-00553-2021 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition and Jury Demand** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 2nd day of February, 2021.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____, Deputy
Rosanne Munoz

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.  Any questions you have should be directed to an attorney.**

# <u>AFFIDAVIT OF SERVICE</u>

**Case No: 380-00553-2021**

**Teresa Lambert**
**vs.**
**Ross Dress for Less, Inc. d/b/a**
**Ross Dress for Less #491 and Ross Stores, Inc.**

My name is David Barberena, I am over 18 years of age. I am authorized to deliver Subpoenas, Citations and other notices within the State of Texas. I am not associated with the parties here to nor interested in the outcome of this matter. I am fully competent to testify to the matters stated in this affidavit. I have personal knowledge of the facts and statements contained in this affidavit. I declare under penalty of perjury that the foregoing is true and correct.

On 2/2/2021, I received the following Citation, Plaintiff's Original Petition and Jury Demand.

**I was contracted to deliver these documents to Ross Dress for Less, Inc. d/b/a Ross Dress for Less #491 c/o CT Corporation at 1999 Bryan Street, Dallas, TX 75201.**

**On February 3, 2021 at 12:25 pm I delivered these documents to Ross Dress for Less, Inc. d/b/a Ross Dress for Less #491 c/o CT Corporation at 1999 Bryan Street, Dallas, TX 75201.**

**Date: 2/3/2021**

**DAVID BARBERENA**
**PSC11734**
**Ex. 12-31-22**
**STATE OF TEXAS**
**TARRANT COUNTY**

My name is David Lee Barberena, my date of birth is 4-18-76 and my address is 301 Commerce Street, Fort Worth, TX 76102.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Tarrant County, State of Texas on ___2-3-21___ .

(Date)

(Declarant)

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jami Couri on behalf of Kristina Kastl
Bar No. 24025467
jcouri@kastllaw.com
Envelope ID: 50374338
Status as of 2/4/2021 4:32 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristina Kastl | 24025467 | kkastl@kastllaw.com | 2/4/2021 4:24:24 PM | SENT |

Associated Case Party: Teresa Lambert

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristina N.Kastl | | eservice@kastllaw.com | 2/4/2021 4:24:24 PM | SENT |
| Judy Rodriguez | | jrodriguez@kastllaw.com | 2/4/2021 4:24:24 PM | SENT |
| Elizabeth Brammer | | ebrammer@kastllaw.com | 2/4/2021 4:24:24 PM | SENT |

# EXHIBIT
# "4"

 **CT Corporation**

**Service of Process Transmittal**
02/03/2021
CT Log Number 538990353

TO: Luisa Gomes
Ross Stores, Inc.
5130 Hacienda Dr
Dublin, CA 94568-7635

RE: **Process Served in Texas**

FOR: Ross Stores, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TERESA LAMBERT, Pltf. vs. ROSS DRESS FOR LESS, INC, etc., AND ROSS STORES, INC., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 380005532021 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/03/2021 at 12:52 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/03/2021, Expected Purge Date: 02/08/2021 |
| | Image SOP |
| | Email Notification,  Luisa Gomes  maria.gomes@ros.com |
| | Email Notification,  Taiala Puamau  taiala.puamau@ros.com |
| | Email Notification,  Vanessa Langlais  vanessa.langlais@sedgwick.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Wed, Feb 3, 2021

**Server Name:**     David Barberena

| Entity Served | ROSS STORES, INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 380005532021 |
| Jurisdiction | TX |



THE STATE OF TEXAS
CIVIL CITATION
CASE NO.380-00553-2021

Teresa Lambert vs. Ross Dress for Less, Inc. d/b/a          In the 380th District Court
Ross Dress for Less #491 and Ross Stores, Inc.

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney
do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were served this citation and petition, a default judgment
may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make
initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30
days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  Ross Stores, Inc.
Registered Agent CT Corporation System
1999 Bryan St
Suite 900
Dallas TX  75201-3136, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition
and Jury Demand** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days
after the date of service of this citation before the Honorable 380th District Court of Collin County, Texas at
the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Kristina N Kastl  Kastl Law PC  4144 North Central
Expressway Suite 1000  Dallas TX 75204 (Attorney for Plaintiff or Plaintiffs), on  February 01, 2021, in this
case, numbered 380-00553-2021 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition
and Jury Demand** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 2nd day of February,
2021.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____, Deputy
Rosanne Munoz

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.
Any questions you have should be directed to an attorney.**

# EXHIBIT
## "5"

Filed: 3/1/2021 2:43 PM
Lynne Finley
District Clerk
Collin County, Texas
By Dixie Harden Deputy
Envelope ID: 51031170

ROS.25698

## CAUSE NO. 380-00553-2021

| | | |
|---|---|---|
| TERESA LAMBERT, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | COLLIN COUNTY, TEXAS |
| ROSS DRESS FOR LESS, INC. D/B/A | § | |
| ROSS DRESS FOR LESS #491 AND | § | |
| ROSS STORES, INC., | § | |
| Defendants. | § | 380th JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants **ROSS DRESS FOR LESS, INC.** (incorrectly named and sued as "**ROSS DRESS FOR LESS, INC. D/B/A ROSS DRESS FOR LESS #491**") and **ROSS STORES, INC.** now come and file their Original Answer to Plaintiff's Original Petition. In support of same, Defendants would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

Defendants deny each and every, all and singular, the material allegations contained in Plaintiff's Original Petition and demand strict proof thereof.

### II.

Defendant **ROSS STORES, INC.** would show that it is not a proper party to this lawsuit. The above-referenced claim arises from an incident that occurred at a Ross Dress for Less store in Frisco, Texas. Defendant **ROSS DRESS FOR LESS, INC.** is the entity that manages the day-to-day operations of the Ross Dress for Less store where the incident made the basis of this lawsuit occurred. Ross Stores, Inc. does not direct or control any such aspects of the operations of the subject Ross Dress for Less store.

**III.**

Defendants more specifically deny that they, by and through their representatives and employees, had any actual or constructive knowledge of an unreasonably dangerous condition in the area where Plaintiff was allegedly injured.   Without any knowledge of an unreasonably dangerous condition, Defendants would not know to warn others of such condition.

**IV.**

Pleading further, in the alternative, and by way of affirmative defense, Defendants would show that the condition of which Plaintiff complains was open and obvious or was a condition of which Plaintiff had actual or constructive knowledge.  Because Plaintiff was aware or should have been aware of the alleged dangerous condition, the condition did not pose an unreasonable risk and Defendants owed no duty to Plaintiff to warn of the alleged condition or make such condition safe.

**V.**

Pleading further, in the event that Defendants are found to be liable to Plaintiff under any theory of negligence or other cause of action under law, Defendants assert the doctrine of comparative causation as provided under Texas law, requiring that the harm caused by the negligence of Plaintiff, and the harm caused by the negligence or other causative act, if any, of any other party to this action, be compared by the trier of fact with the harm, if any, caused by the alleged negligence of these Defendants. For further answer, and in the alternative, Defendants allege that Plaintiff's claims are barred due to the negligence of Plaintiff, which contributed to or proximately caused the injuries and damages alleged by Plaintiff in Plaintiff's Original Petition. Defendants, therefore, would respectfully request that the trier of fact consider Plaintiff's own negligence in the determination of facts in this matter.

## VI.

In the event that Defendants are found to be liable to Plaintiff and in the event that Plaintiff's injuries are found to have been caused by the accident made the basis of this lawsuit, Defendants plead that Plaintiff's recovery of medical and health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.  TEXAS CIVIL PRACTICE & REMEDIES CODE §41.015.

## VII.

Pleading further, Defendants seek the application of Section 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Specifically, Defendants maintain that Plaintiff, "if seeking recovery for loss of earnings, loss of earning capacity, loss of contribution of a pecuniary value and/or loss of inheritance, must present evidence in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any Federal Income Tax Law."

## VIII.
## <u>JURY DEMAND</u>

In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury.  Simultaneously with the filing of this demand, a jury fee is being paid on behalf of Defendant.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that Plaintiff takes nothing by this suit, that Defendants be awarded their costs, and for such other and further relief, both general and special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY
SHIPMAN & SALINAS, LLP**

 */s/ Fernando P. Arias*
**FERNANDO P. ARIAS**
State Bar No. 24025946
9201 N. Central Expwy., Suite 600
Dallas, Texas  75231
214-987-9600
214-987-9866  fax
fred.arias@fletcherfarley.com

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied, hand delivered, or electronically transmitted to all attorneys of record in this cause of action, in compliance with Rule 21a. of the TEXAS RULES OF CIVIL PROCEDURE, on the 1st day of March, 2021.

 */s/ Fernando P. Arias*
**FERNANDO P. ARIAS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Abby Golman on behalf of Fernando Arias
Bar No. 24025946
abby.golman@fletcherfarley.com
Envelope ID: 51031170
Status as of 3/1/2021 2:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristina Kastl | 24025467 | kkastl@kastllaw.com | 3/1/2021 2:43:17 PM | SENT |
| Fernando P.Arias | | fred.arias@fletcherfarley.com | 3/1/2021 2:43:17 PM | SENT |
| Abby Golman | | abby.golman@fletcherfarley.com | 3/1/2021 2:43:17 PM | SENT |
| Tal Ellis | | tal.ellis@fletcherfarley.com | 3/1/2021 2:43:17 PM | SENT |

Associated Case Party: Teresa Lambert

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristina N.Kastl | | eservice@kastllaw.com | 3/1/2021 2:43:17 PM | SENT |
| Judy Rodriguez | | jrodriguez@kastllaw.com | 3/1/2021 2:43:17 PM | SENT |
| Elizabeth Brammer | | ebrammer@kastllaw.com | 3/1/2021 2:43:17 PM | SENT |